UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN PATRICK GUNTRUP,<br><br>　　　　　Plaintiff,<br>　v.<br><br>WASHOE COUNTY, *et. al.*,<br>　　　　　Defendants. | Case No. 3:18-cv-00491-MMD-WGC<br><br>ORDER |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner. On June 3, 2019, this Court issued an order directing Plaintiff to file his updated address with this Court within 30 days. (ECF No. 3.) The 30-day period has now expired, and Plaintiff has not filed his updated address or otherwise responded to the Court's order.

This Court has a local rule requiring any *pro se* party to immediately file written notification of any change of mailing address with the Court. *See* LR IA 3-1. The rule notes that failure to comply may result in dismissal. *See id.* As noted, Plaintiff has not filed his updated address as of the date of entry of this order. The Court did, however, receive a note from the Northern Nevada Correctional Center stating that Plaintiff is currently on parole. (ECF No. 4.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

(affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring the disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file his updated address with the Court within 30 days expressly stated: "It is further ordered that, if Plaintiff fails to timely comply with this order, the Court shall dismiss this case without prejudice." (ECF No. 3 at

2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file his updated address within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's June 3, 2019 order.

It is further order that the application to proceed *in forma pauperis* is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 10th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE